```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

MARK H. JOHNSON #A72077,       )
                               )
            Plaintiff,         )
                               )
     v.                        )    No.  10 C 1207
                               )
WILLIAM WOELKERS,              )
                               )
            Defendant.         )
```

## MEMORANDUM ORDER

On February 25, 2010 this Court dismissed, for lack of subject matter jurisdiction, a purported 42 U.S.C. §1983 ("Section 1983") Complaint that Mark Johnson ("Johnson") had filed against his former lawyer, Public Defender William Woelkers ("Woelkers"). Indeed, the brief February 25 memorandum order was extraordinarily solicitous of Johnson: It did not speak to Johnson's obligation to pay the $350 filing fee in installments under 28 U.S.C. §1915 ("Section 1915"),[1] nor did this Court address whether the dismissal was a "strike" for Section 1915(g) purposes.

Now Johnson has impermissibly, without seeking leave of court, delivered to the Clerk's Office a purported Amended Complaint, again targeting Woelkers as the defendant in direct contravention of this Court's earlier ruling. That submission is

---

[1] Johnson had not then complied with his obligation under Section 1915 to seek in forma pauperis status, nor had he submitted the certified copy of his trust fund account required under Section 1915(a)(2).

stricken as totally frivolous, and this Court holds that this action is indeed a "strike" under Section 1915(g).

Moreover, this time Johnson has provided the information as to his trust fund account at Lawrence Correctional Center ("Lawrence," where he is in custody), with the certificate by the trust fund officer there reflecting average monthly deposits of $105.67 during the relevant six-month period. That being the case, the required initial partial payment on account of the $350 filing fee under Section 1915(b)(1)--20% of that amount--comes to $21.12.

Accordingly Johnson is assessed that initial fee of $21.12, and the Lawrence trust fund officer is ordered to collect that amount from Johnson's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both the initial payment and all future payments shall clearly identify Johnson's name and the 10 C 1207 case number that had been assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Lawrence trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Johnson is now or may hereafter be

confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2010